UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Johnson Controls Security Solutions, LLC, <br>                                       Plaintiff, <br><br> v. <br><br> International Brotherhood of Electrical Workers Local 103, <br>                                       Defendant. | C.A. No. 1:21-cv-10068 |

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF

### INTRODUCTION

This dispute arises out of a union's grievance over a reduction of the employer's matching contribution to its 401(k) plan. The union filed a grievance and pursued arbitration through the American Arbitration Association (AAA). But, the labor agreement expressly waives the union's right to arbitrate any claims related to pension plans making such disputes non-arbitrable. The union has refused to recede from its position. Likewise, the AAA and the arbitrator await a judicial decision whether the dispute is arbitrable. Under the Labor Management Relations Act, 29 U.S.C. §185, and the Supreme Court's decision in *AT&T Technologies, Inc. v. Communications Workers,* 475 U.S. 643 (1986), federal courts serve as the "gatekeepers" having the responsibility to decide whether a particular dispute is arbitrable under the parties' agreement. Plaintiff Johnson Controls Security Solutions, LLC ("JCSS" or "Plaintiff") seeks a judicial declaration that this dispute is not arbitrable under the parties' agreement. Accordingly, the arbitration proceeding should be stayed.

For its complaint against Defendant, Plaintiff alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Johnson Controls Security Solutions, LLC is in the business of selling, installing, and maintaining security alarm and related services to commercial clients and has operations in the Commonwealth of Massachusetts, with a branch location in Norwood, Massachusetts.

2. Defendant IBEW Local 103 ("Local 103" or the "Union"), upon information and belief, is a labor organization and an unincorporated association with offices located in Dorchester and Woburn, Massachusetts.

3. Plaintiff employs workers represented by Local 103 under a collective bargaining agreement (the "Agreement") for a term commencing October 15, 2020 to December 31, 2023. A true and correct copy of the Agreement is attached as **Exhibit A**.

4. A predecessor collective bargaining agreement was in effect for the term October 21, 2017 to September 30, 2020. Plaintiff Johnson Controls Security Solutions LLC is the successor in interest to Tyco Integrated Security, LLC under the predecessor Agreement. Although events giving rise to the grievance occurred during the term of the predecessor agreement, the terms of the current Agreement are the same in all material respects concerning the issue whether the dispute is subject to the arbitration provisions of the Agreement.

5. This Court has jurisdiction of this action pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331. Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, authorizes this Court to decide issues of breach of a collective bargaining agreement and to stay any arbitration proceedings commenced or about to be commenced if there is no agreement or provision for arbitration.

6. Plaintiff seeks a declaratory judgment under 28 U.S.C. §2201.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

**FACTS**

8. The Union has instituted arbitration proceedings with the American Arbitration Association (AAA) in Boston, Massachusetts in direct defiance and in breach of the collective bargaining agreement between JCSS and the Union.

9. The Agreement contains a grievance and arbitration procedure for the resolution of certain disputes.

10. Article 5, Section 1 of the Agreement provides:

> In the event that an agreement cannot be reached between the Union and the Employer with respect to a grievance involving and limited to the interpretation and application of any specific provision of this Agreement, it may be submitted, by the Union to arbitration, pursuant to the Labor Arbitration Rules of the American Arbitration Association, provided such request is made within thirty (30) days after the final decision has been rendered. The decision of the arbitrator shall be binding on both parties, but in no event shall be effective prior to the date of the written grievance. The arbitrator shall not have the authority to alter or modify any of the expressed provisions of this Agreement.

11. The Agreement also expressly excludes certain disputes from arbitration. Article 5, Section 2 provides:

> Changes in business practices, matters involving capital expenditures, the opening and/or closing of new units/facilities, the choice of personnel (subject to the seniority provisions, if applicable) the choice of materials, service products, processes and equipment, **or any dispute which either directly or indirectly involves the interpretation or application of the plans covering pensions, disability benefits and death benefits, shall not be arbitrable.** (Emphasis supplied.)

12. In April 29, 2020, Plaintiff reduced, temporarily, the employer-matching contributions to its 401(k) plan. A copy of the notice provided to employees and the Union is attached as **Exhibit B.**

13. The Agreement provides in Article 9 that employees in the bargaining unit may participate in an employer-sponsored defined contribution pension plan, commonly known as a 401(k) Plan (the "Plan"). The complete name of the Plan is: Johnson Controls Retirement Savings and Investment Plan. A true and correct copy of the Summary Plan Description is attached as **Exhibit C**.

14. In accordance with the terms of the Plan, employees consent to deductions from their paychecks and contribute such amounts to their accounts. Under the Employee Retirement Income Security Act (ERISA), employees are fully vested immediately in their own contributions.

15. In addition to employee contributions, Plaintiff has matched annually employees' contributions dollar for dollar up to a maximum of five percent (5%) of "eligible pay" as that term is defined in the Plan. Employees become vested in such employer-matching contributions over time in accordance with a vesting schedule set out in the Plan.

16. Under the Plan, union and non-union Plan participants are treated alike with respect to their ability to contribute to their account and the employer-matching contribution.

17. The reduction of the employer-matching contribution for calendar year 2020 applied to all Plan participants and is unambiguously permitted by the express terms of the Plan. A true and correct copy of Article 9, Section 9.1 of the Plan is attached as **Exhibit D**.

18. On or about May 1, 2020, the Union filed with the Plaintiff a grievance objecting to the temporary reduction of the employer-matching contribution. A true and correct copy of the grievance is attached as **Exhibit E**.

19. The employer responded to the Union and denied the grievance on the ground that no contractual violation existed. A true and correct copy of the employer's response is attached as **Exhibit F**.

20. The Union, despite the unambiguous language of Article 5, Section 2, pursued the grievance and filed a demand for arbitration with the American Arbitration Association (AAA). A true and correct copy of the Union's demand for arbitration email is attached as **Exhibit G**.

21. The employer responded to the Union and challenged that, pursuant to Article 5 Section 2 of the Agreement, the matter was not arbitrable. A true and correct copy of the employer's response is attached as **Exhibit H**.

22. The AAA initiated an arbitration case and provided a list or panel of arbitrator candidates to the Plaintiff and Defendant. A true and correct copy of the AAA's correspondence with the list of arbitrator candidates is attached as **Exhibit I**.

23. Plaintiff's counsel promptly objected to the AAA's initiation of an arbitration case. A true and correct copy of Plaintiff's counsel's objection is attached as **Exhibit J**.

24. The AAA declined to terminate its proceedings. A true and correct copy of the AAA's June 18, 2020 correspondence is attached as **Exhibit K**.

25. The parties selected an arbitrator, Marc D. Greenbaum, with Plaintiff preserving its objections and doing so only to preclude the AAA or an arbitrator from moving forward with a case without its knowledge or ability to protect its rights and its position that the dispute is not arbitrable. A true and correct copy of the June 19, 2020 Notice of Arbitrator Appointment is attached as **Exhibit L.**

26. The AAA has declined to halt or terminate its proceedings unless a court orders it to do so. A true and correct copy of the AAA's July 7, 2020 emails with a Notice of Hearing is attached as **Exhibit M.**

27. Plaintiff again repeated its objections to the arbitration proceeding to the AAA and the arbitrator. A true and correct copy of Plaintiff's counsel's August 6, 2020 email is attached as **Exhibit N.**

28. The arbitrator has declined to halt or dismiss the case unless a court orders him to do so, notwithstanding the uncontroverted fact that the grievance relates to a pension plan and the Agreement unambiguously provides that disputes related to pension plans are not subject to its arbitration provisions. A true and correct copy of the AAA's August 11, 2020 email with the arbitrator's response is attached as **Exhibit O.**

## COUNT I
### (BREACH OF CONTRACT)

29. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 28 of the Complaint.

30. Article 5, Section 2 of the Agreement states in plain language that "any dispute which either directly or indirectly involves the interpretation or application of the plans covering pensions, disability benefits and death benefits shall not be arbitrable."

31. Defendant union's actions to pursue a grievance that it agreed in the Agreement is not arbitrable are in derogation of the clear and unambiguous terms of the Agreement and violate Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

32. Defendant has breached the collective bargaining agreement by filing with the AAA a claim that is made clearly and unambiguously non-arbitrable by the Agreement.

33. Defendant's actions have caused and will cause harm to Plaintiff unless the arbitration proceeding is stayed and terminated.

34. The Agreement, by its express terms, varies and supersedes the terms of the Rules of the American Arbitration Association.

35. The determination of arbitrability of the present dispute is in the first instance a matter for judicial determination, and this Court is empowered under Section 301 of the Labor Management Relations Act to enforce the terms of the Agreement.

## COUNT II
## DECLARATORY JUDGMENT

36. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 35 of the Complaint.

37. Plaintiff requests that this Court declare that the subject matter of the arbitration proceeding currently pending in the American Arbitration Association before Arbitrator Greenbaum presents a question that is for this Court and not for the arbitrator.

38. Plaintiff requests that this Court declare that the Union has waived the right to pursue a grievance or arbitration relating to the 401(k) plan by the express language of the Agreement.

39. Plaintiff further asserts this Court should hold the dispute is not subject to the grievance or arbitration provisions of the Agreement by its express terms.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

1) promptly hear this matter and stay the arbitration proceedings commenced by the Union against the Plaintiff before the American Arbitration Association in the Commonwealth of Massachusetts or elsewhere;

2) enter judgment in favor of JCSS and against the Union on Count I;

3) enter declaratory judgment in favor of JCSS and against the Union as requested under Count II; and

4) grant such other relief as this Court deems just and proper.

                                           JOHNSON CONTROLS SECURITY SOLUTIONS, LLC

                                           By its attorneys,

                                           /s/ Neil V. McKittrick
                                           Neil V. McKittrick, BBO# #551386
                                           Alexandra E. Shaw, BBO # 694534
                                           Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                           One Boston Place, Suite 3500
                                           Boston, MA 02108
                                           Telephone:  617-994-5700
                                           Facsimile:  617-994-5701
                                           neil.mckittrick@ogletreedeakins.com
                                           Alexandra.shaw@ogletreedeakins.com

Dated: January 14, 2021

## VERIFICATION

I, Timothy Drabek, am the Director of Labor Relations of Johnson Controls Security Solutions, LLC. I have read the foregoing Complaint, know its contents, and believe the same to be true and correct, except as to such matters stated upon information and belief, and as to such matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14TH day of January, 2021.

*Timothy Drabek*
Timothy Drabek

45607093.1

9